# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RICKY D. BARBER,
Inmate # GDC 156092, EF 387107,

        Petitioner,

v.

        1:07-cv-0167-WSD

VICTOR WALKER, Warden,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Ricky D. Barber's ("Petitioner") Notice of Appeal [17], Application for Certificate of Probable Cause to Appeal the Final Order Dismissing Mr. Barbers [sic] petition for a Writ of Habeas Corpus ("Motion for Certificate of Appealability") [18], and Motion to Appeal *In Forma Pauperis* [20].[1]

Petitioner was convicted by a jury in the Superior Court of Douglas County, Georgia, of trafficking in methamphetamine, possession of methamphetamine with

---

[1] To the extent Petitioner's Notice of Appeal can be construed as a request for a certificate of appealability, the Court incorporates it into Petitioner's Motion for Certificate of Appealability [18]. See Fed. R. App. P. 22(b)(1) ("If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue.").

intent to distribute, and possession and use of drug-related objects. On October 1, 2003, the state trial court sentenced Petitioner to a combined forty-year sentence, to serve twenty-five years of confinement.

Petitioner obtained new counsel, and on October 28, 2003, filed a motion for a new trial, which the trial court denied on March 9, 2005. On September 22, 2005, the Georgia Court of Appeals affirmed Petitioner's conviction. Petitioner then filed a state habeas petition, *pro se*, which the state habeas court denied on March 7, 2006. On November 6, 2006, the Georgia Supreme Court denied as untimely Petitioner's application for further review. Reconsideration of that decision was denied on December 15, 2006.

On January 16, 2007, Petitioner executed this federal habeas petition, also *pro se*, raising five claims: 1) ineffective assistance of counsel for placing Petitioner's character at issue; 2) trial court error for failing to declare a mistrial after Petitioner's counsel placed his character at issue; 3) prosecutorial misconduct for failing to seek a mistrial after Petitioner's counsel placed his character at issue; 4) prosecutorial misconduct for knowingly soliciting perjured testimony; and 5) error by the Georgia Supreme Court for dismissing his application for review of his state habeas petition.

On October 25, 2008, Magistrate Judge King issued a Report and Recommendation recommending dismissal of the petition [9].  On November 3, 2008, this Court adopted Magistrate Judge King's Report and Recommendation and denied and dismissed Petitioner's *habeas* petition.

On November 15, 2008, Petitioner filed a Notice of Appeal [17].  On November 18, 2008, Petitioner filed his Motion for a Certificate of Appealability [18].  On December 5, 2008, Petitioner filed his motion with supporting affidavit requesting to proceed on appeal *in forma pauperis* [20].

Under Federal Rule of Appellate Procedure 22(b), an appeal of a denial of a *habeas corpus* petition cannot proceed unless a certificate of appealability is issued pursuant to 28 U.S.C. § 2253(c)(1)(A).  "In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c).  If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . . If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate."  Fed. R. App. P. 22(b)(1); accord Edwards v. United States,

114 F.3d 1083, 1084 (11th Cir. 1997) ("District courts must consider and rule upon the propriety of issuing the COA first, that is, before a request for a COA will be received or acted on by this court or a judge of this court.").

A certificate of appealability ("COA") may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "In determining whether to grant a COA, we 'look to the District Court's application of [the Anti-Terrorism and Effective Death Penalty Act of 1996] to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason.'" United States v. Futch, 518 F.3d 887, 895 (11th Cir. 2008) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)). A petitioner is not required to show that his constitutional claims would succeed on appeal, but must demonstrate only that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. Miller-El, 537 U.S. at 338 ("Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.").

If a judge determines to issue a certificate of appealability, the judge must state specifically the issue or issues for which the petitioner has made the required showing of the substantial denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

Petitioner seeks a certificate of appealability on the following issues: 1) ineffective assistance of counsel in that Petitioner's trial counsel Mr. J. Lansing Kimmey "was totally unprepared for a jury trial when Mr. Barber refused what he considered an unreasonable plea agreement"; 2) ineffective assistance of counsel for placing Petitioner's character at issue at trial; 3) prosecutorial misconduct for allegedly knowingly soliciting or suborning perjury; and 4) prosecutorial misconduct for failing to seek a mistrial "when Mr. Barber's constitutional rights were violated by the court for evidentiary violations." Motion for Cert. of Appeal. at 6-8.

Ineffective assistance of counsel claims are evaluated under the standards announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). First, a court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." Id. at 690. In this analysis, "judicial scrutiny of counsel's performance must be highly deferential . . . a court must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "[T]he Petitioner's burden of persuasion–though the presumption is not insurmountable–is a heavy one." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc).

Second, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient component on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id.

The Court again has reviewed in detail Petitioner's alleged grounds for relief and the law and facts governing those claims. The Court concludes Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner's first claim of ineffective assistance of counsel presents no facts or specificity as to how Mr. Kimmey was allegedly "totally unprepared" for trial after Petitioner

"refused what he considered an unreasonable plea agreement." Likewise, his second claim of ineffective assistance of counsel is also without merit. Even if it is "debatable amongst jurists of reason" whether Petitioner's trial counsel's errors were considered outside the wide range of professionally competent assistance – which the Court believes is not the case – the evidence of Petitioner's guilt at trial was overwhelming, and he has failed to show that the result of his trial would have been different but for counsel's errors. The resolution of Petitioner's claim of ineffective assistance of counsel is not debatable among jurists of reason.

Petitioner's claims of prosecutorial misconduct also do not evidence a substantial showing of the denial of a constitutional right. As stated in this Court's order on November 3, 2008, there is no evidence that the prosecutor suborned perjury from Ms. Bruce. Petitioner also cannot complain that the prosecutor committed misconduct by not asking for a mistrial because a defendant "cannot complain on appeal of an alleged error invited or introduced by himself." United States v. Allen, 772 F.2d 1555, 1556 (11th Cir. 1985).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Certificate of Appealability [18] is **DENIED**.

**IT IS HEREBY FURTHER ORDERED** that Petitioner's Motion to Appeal In Forma Pauperis [20] is **DENIED AS MOOT**.

**SO ORDERED** this 24th day of February, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE